Filing # 210556206 E-Filed 11/08/2024 10:00:19 AM

IN THE CIRCUIT COURT OF THE 18th JUDICIAL CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO: 2024-CA-001856

JACQUELINE LEE VAUGHN,

Plaintiff,

vs.

CVS PHARMACY, INC.,

    Defendant.

_____/

## AMENDED COMPLAINT

The Plaintiff, JACQUELINE LEE VAUGHN, by and through the undersigned attorneys, hereby sues the Defendant, CVS PHARMACY, INC. (hereinafter "CVS"), and as grounds therefore alleges as the following:

1. This is an action for damages in excess of One Hundred Thousand ($100,000.00) Dollars.

2. At all times material hereto, Defendant, CVS PHARMACY, INC. (hereinafter "CVS"), was and is a foreign for-profit corporation registered to do business in Florida, and is, in fact doing business in Seminole County, Florida.

3. At all times material hereto, JACQUELINE LEE VAUGHN, was and is a resident of Longwood, Florida and is otherwise *sui juris*.

4. At all times material hereto, the Defendant, CVS, was and is a retail drug store chain.

1

5.    At all times material hereto, the Defendant, CVS, designed, manufactured, distributed and stocked for sale a plastic spray bottle container filled with liquid called "CVS Health All-Purpose Cleaner + Bleach" (hereinafter referred to as "spray bottle").

6.    The Defendant, CVS, although existing as a corporation outside of the State of Florida, has had and continues to have extensive contacts with the State of Florida, which essentially make it at home here in Florida because:

a)    The Defendant conducts business in the State of Florida;

b)    The Defendant is engaged in substantial and not isolated activities  within the State of Florida;

c)    The Defendant sells retail products, including the subject spray bottle, in the State of Florida;

d)    The Defendant provides services in the State of Florida;

f)    The Defendant advertises its products and services in the State of Florida;

g)    The Defendant maintains agents and/or representatives in the State of Florida by which it conducts its business;

h)    The Defendant does business through retailers, agents and distributors in the State of Florida over which it exerts control; and

i)    The Defendant is authorized to do business in the State of Florida and has appointed an agent for service of process within the State.

7.    On or about January 27, 2024, Defendant, CVS, owned, operated, and maintained the premises located at 130 E. State Road 434, Longwood, Seminole County, Florida ("the subject premises").

8. On or about January 27, 2024, JACQUELINE LEE VAUGHN was lawfully on the subject premises and at all relevant times was an invitee of the Defendant, CVS.

9. On or about January 27, 2024, a spray bottle that the Defendant, CVS, had designed, manufactured, stocked and offered for sale in its store suddenly broke apart when the Plaintiff picked it up from the store sales shelf, causing it to fall, hit the floor and the liquid product inside to splash into the eyes of the Plaintiff, causing injury.

**COUNT I**
**STRICT LIABILITY AGAINST DEFENDANT CVS**

The Plaintiff realleges and reavers Paragraphs 1-9 as if fully set forth herein and further alleges:

10. At all times material hereto, the Defendant, CVS, was and is engaged in the design, manufacture, distribution and sale of the subject spray bottle.

11. Defendant, CVS, had on its premises for sale, the subject spray bottle within the State of Florida.

12. Defendant, CVS, displayed for sale the subject spray bottle without substantial change in the condition in which the subject spray bottle was designed and manufactured, and the subject spray bottle was expected to reach the consumers/owners/ultimate users in such condition and, in fact, did so in this case.

13. At all times material hereto, JACQUELINE LEE VAUGHN was its intended, expected and/or reasonably foreseeable user/shopper and picked up the subject spray bottle under an intended, expected and/or reasonably foreseeable manner at the time of the subject incident alleged herein occurred.

14. At the time the subject incident, the subject spray bottle was manufactured and placed into the stream of commerce by Defendant, CVS, it contained defects which were unreasonably

3

dangerous to such persons as JACQUELINE LEE VAUGHN, who was an intended and/or reasonably foreseeable user, and was in an unreasonably defective condition, because the subject spray bottle broke a[art during normal intended use of same.

15.     In particular, the subject spray bottle was defective in one or more of the following ways:

a.      The subject spray bottle was defectively designed;

b.      The subject spray bottle was defectively manufactured;

c.      The subject spray bottle was made of unreasonably weak materials;

d.      The subject spray bottle and its components lacked proper testing; and/or

e.      The subject spray bottle lacked adequate warnings and instructions as to its atypical and unreasonable structural weakness.

16.     These defects directly and proximately caused the subject spray bottle to fall apart and it contents splash the face and eyes of JACQUELINE LEE VAUGHN during normal and expected use, directly and proximately causing JACQUELINE LEE VAUGHN to sustain bodily injury and the damages alleged herein.

17.     Defendant, CVS, knew and intended that the subject spray bottle would be handled/used by consumers such as the JACQUELINE LEE VAUGHN without any inspection for defects of this nature.

18.     As a result of its defects, the subject spray bottle failed to perform as safely as an ordinary customer would expect when handling/utilizing the subject spray bottle in an intended, expected and/or reasonably foreseeable manner, to wit:  picking it up from the sales shelf.

19.     Defendant, CVS, is strictly liable for the serious injuries suffered by JACQUELINE LEE VAUGHN, because of the defects in the subject spray bottle.

4

20.     As a direct, proximate and foreseeable result of the manufacture, design, distribution and sale of the subject spray bottle in a defective condition, JACQUELINE LEE VAUGHN, suffered severe and permanent personal injuries and damages as follows, but not limited to bodily injury; pain and suffering; disability; physical impairment; disfigurement; mental anguish; inconvenience; loss of capacity for the enjoyment of life in the past; loss of capacity for the enjoyment of life in the future; medical, nursing and rehabilitation expenses in the past; medical, nursing and rehabilitation expenses in the future; lost wages in the past; and loss of capacity to earn money in the future.

WHEREFORE, JACQUELINE LEE VAUGHN, demands judgment against this Defendant, CVS, INC., for damages, together with costs, interest where applicable and trial by jury of all issues triable as of right by jury.

**COUNT II**
**<u>NEGLIGENCE AGAINST DEFENDANT CVS</u>**

The Plaintiff realleges and reavers Paragraphs 1-9 as if fully set forth herein and further alleges:

21.     The Defendant, CVS, had a duty to exercise reasonable care in the design and manufacture of the subject spray bottle.

22.     Despite said duty, the Defendant, CVS, was negligent and breached this duty by designing the subject spray bottle in such a manner that that the spray bottle broke apart causing its contents to splash into JACQUELINE LEE VAUGHN's face and eyes during normal use.

23.     In particular, Defendant, CVS, was negligent by allowing the subject spray bottle to be placed on a store shelf for sale to the general public, to include Plaintiff despite the subject spray bottle being defective in one or more of the following ways, which caused it to break apart and injure JACQUELINE LEE VAUGHN's eye during normal and expected use:

5

a.      Negligently designing the subject spray bottle;

b.      Negligently manufacturing the subject spray bottle;

c.      Negligently allowing the subject spray bottle to exist in a state that was atypically and unreasonably structurally weak;

d.      Failing to properly test the subject spray bottle and its components; and/or

e.      Failing to provide adequate warnings and instructions as to the atypical and unreasonable structural weakness of the subject spray bottle.

24.     The negligent manufacture and design of the subject spray bottle, including the failure to warn about how atypically and unreasonably structurally weak the spray bottle was, directly and proximately caused the spray bottle to break apart during normal use, which directly and proximately caused the injuries to JACQUELINE LEE VAUGHN's eyes and damages alleged herein.

25.     As a direct, proximate and foreseeable result of the negligent design, manufacture, distribution and sale of the subject spray bottle, JACQUELINE LEE VAUGHN suffered severe and permanent personal injuries and damages as follows, but not limited to bodily injury; pain and suffering; disability; physical impairment; disfigurement; mental anguish; inconvenience; loss of capacity for the enjoyment of life in the past; loss of capacity for the enjoyment of life in the future; medical, nursing and rehabilitation expenses in the past; medical, nursing and rehabilitation expenses in the future; lost wages in the past; and loss of capacity to earn money in the future.

WHEREFORE, JACQUELINE LEE VAUGHN, demands judgment against this Defendant, CVS, INC., for damages, together with costs, interest where applicable and trial by jury of all issues triable as of right by jury.

6

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed on this 8th day of November, 2024 to the following:

Gavin Mackinnon, Esquire
Gregory E. Jordan, Esquire
Golberg Segalla, LLP
800 N. Magnolia Avenue
Suite 450
Orlando, Florida 32801
407-458-5600
gmackinnon@goldbergsegalla.com
gjordan@goldbergsegalla.com
ORLpleadings@goldbergsegalla.com

KRUPNICK CAMPBELL MALONE
BUSER SLAMA HANCOCK, P.A.
Attorneys for Plaintiff
350 East Las Olas Boulevard, Suite 800
Fort Lauderdale, Florida  33301
Telephone:  (954) 763-8181
Facsimile:   (954) 763-8292

*CHRISTOPHER W. ROYER*

BY:_____

JOSEPH J. SLAMA
Florida Bar No:  476171
CHRISTOPHER W. ROYER
Florida Bar No:  139981
JUSTIN D. BAILEY
Florida Bar No: 1018459
Pleadings-JJS@krupnicklaw.com

UNOFFICIAL

7